UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

V

                              No.  2:19-cr-20389
                              Hon. Nancy Edmunds

FRANK MANNI, JR.,

    Defendant.
_____/

**MOTION FOR EXTENSION OF TIME
IN WHICH TO FILE NOTICE OF APPEAL**

NOW COMES the Defendant, FRANK MANNI, JR., by and through his attorney STUART G. FRIEDMAN and states as follows:

1.    Pursuant to a Rule 11 agreement, Mr. Manni pled guilty before this Court to one count of transportation of stolen goods in interstate commerce contrary to 18 U.S.C. Sec. 2314.

2.    The Rule 11 agreement in this case provided that Defendant operated a cellular phone store in Taylor Michigan.  Together with Co-Defendant Monaster, the Defendant paid cash for stolen or fraudulently

1

obtained brand new iPhones in their original packaging and resold these phones in bulk to buyers in Arizona and Ohio.

3. The Rule 11 Agreement contained a provided that that the Defendant's guideline position would be 57 to 71 months and that he agreed not to argue for a guideline range less than this, (Rule 11 Agreement, ECF No. 60, PGID 287).

4. The agreement also contained an appeal waiver provision which provided that the Defendant:

> waives any right he may have to appeal his conviction on any grounds. If the sentence imposed does not exceed the top of the Government recommended sentencing guideline range (as set forth in Paragraph 2b), the defendant also waives any right he may have to appeal his sentence, including restitution, on any grounds. Defendant may not appeal the Court's loss calculation under 2B1.1(b).
>
> This waiver does not bar filing a claim of ineffective assistance of counsel in court.

(Rule 11 Agreement, ECF No. 60, PGID 295-295).

5. Ineffective assistance of counsel claims are normally pursued via a motion under 28 U.S.C. Sec. 2255, and not a direct appeal. See, e.g.

2

*Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

6. October 19, 2021, this Court sentenced Mr. Manni to a term of forty months incarceration with a non-binding recommendation that Mr. Manni: (a) be allowed to the Bureau of Prison's residential treatment program; and (b) that the Defendant be designated to serve his sentence at the Bureau of Prison's facility at Morgantown West Virginia. The Defendant was given a $100 assessment, with no restitution or fine. The Rule 11 Agreement also contained a stipulated agreement to forfeit a variety of items not relevant to this agreement and he agreed to the entry of $3,500,000 forfeiture judgment in favor of the United States. The Court provided that his report date would be after December 25, 2021.

7. The written judgment was entered on October 21, 2021.

8. A Notice of Appeal would be due in this matter on or about November 4, 2021.

9. The undersigned was hired on November 2, 2021 to conduct an independent review of the file for the Defendant and provide a second opinion as to the viability of any appeal and/or post-judgment relief.

3

10. Given the presence of an appellate waiver and the sentence imposed, it seems unlikely that the Defendant has any issues which could be credibly raised in a direct appeal, but given counsel's late retention, counsel cannot definitively state this.

11. Rather than filing an appeal at this time and then being forced to dismiss the same, the Defendant is requesting a thirty day extension of time in which to file his Notice of Appeal pursuant to Fed. R. App. P. 4(b)(4).

WHEREFORE, Defendant asks this Court to grant a thirty day extension of time in which to file any Notice of Appeal in this matter.

Respectfully submitted,

/s/Stuart G. Friedman

_____
STUART G. FRIEDMAN (P46039)
Attorney for Defendant
26777 Central Park Blvd, Suite 300
Southfield, MI 48076
(248) 228-3322

DATED: November 2, 2021

## BRIEF IN SUPPORT OF
## MOTION FOR EXTENSION OF TIME
## IN WHICH TO FILE NOTICE OF APPEAL

Defendant relies on Fed. R. App. P. 4(b)(4) which provides:

> **(4) Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

The Sixth Circuit gives this Court broad discretion to grant a motion under this rule. *See United States v. Hoye*, 548 F.2d 1271 (6th Cir.1977). This motion is filed prior to the due date of the Notice.

As noted above, this case involves a plea waiver agreement which provides that the Defendant may not appeal sentences within the parameters of the agreement. Here, it appears the Court complied. Plea waiver agreements are generally binding in this Circuit. As the Sixth Circuit recently remarked:

> If a defendant validly waives his right to appeal pursuant to a plea agreement, this court is bound by the agreement[.]" *United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012). "When deciding whether a defendant has waived this right, we interpret the plea agreement using traditional principles of contract interpretation." *United States v. Riccardi*, 989

F.3d 476, 489 (6th Cir. 2021).

*United States v Mitchell,* No. 20-6208, 2021 WL 4621868, at *3 (6th Cir. Oct. 7, 2021).

While the agreement provides that the Defendant may appeal an ineffective assistance of counsel claim, an appeal is probably the wrong forum. Ineffective assistance of counsel claims are normally pursued via a motion under 28 U.S.C. Sec. 2255, and not a direct appeal. See, e.g. *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Counsel's intent is quickly review and determine whether there is any claim which can be raised on the direct appeal. The Defendant has indicated that he wishes such a review before abandoning his direct appeal rights.

WHEREFORE, Defendant asks this Court to grant a thirty day extension of time in which to file any Notice of Appeal in this matter.

                    Respectfully submitted,

                    /s/Stuart G. Friedman
                    _____
                    STUART G. FRIEDMAN (P46039)
                    Attorney for Defendant
                    26777 Central Park Blvd, Suite 300
                    Southfield, MI 48076
                    (248) 228-3322

DATED: November 2, 2021

## **CERTIFICATE OF SERVICE**

A copy of this document was this day served on counsel of record through the Court's ECF filing system.

Respectfully submitted,

/s/Stuart G. Friedman

_____
STUART G. FRIEDMAN (P46039)
Attorney for Defendant
26777 Central Park Blvd, Suite 300
Southfield, MI 48076
(248) 228-3322

DATED:  November 2, 2021