UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 19-20389

v.                                          Honorable Nancy G. Edmunds

FRANK MANNI, JR., D-1,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE [120]**

Defendant Frank Manni, Jr. is in the custody of the Federal Bureau of Prisons ("BOP"). Before the Court is Defendant's motion to modify his sentence, brought through counsel pursuant to 18 U.S.C.§ 3582(c)(1)(A). (ECF No. 120.) The Government responded in opposition to Defendant's motion (ECF No. 123), and Defendant filed a reply brief (ECF 124), and other filings (ECF Nos. 125-128). For the reasons that follow, Defendant's motion is denied.

**I.    Background**

Defendant owned a cell phone store in Taylor, Michigan, for approximately ten years. In 2015, he began purchasing and reselling stolen cell phones—as many as 400 phones per week. In October 2018, Defendant's Arizona buyer and his partners were arrested and 340 phones that Manni sold to the buyer were intercepted. Rather than terminate his operation, Defendant found a new buyer in Ohio for his stolen phones. Defendant was receiving two to three $30,000 to $40,000 payments per week.

Defendant was charged by Information on June 11, 2019. A few months later he entered into a Rule 11 Plea Agreement whereby he pled guilty to transportation of stolen goods, in violation of 18 U.S.C. § 2314. At sentencing, this Court found the applicable guideline range to be between 70 to 87 months, but the Government requested a below-guideline sentence of 50 months incarceration. This Court sentenced Defendant to 40 months imprisonment. After a series of Court-approved extensions to his BOP report date, Defendant began serving his sentence on April 15, 2022.

Seven months into his sentence, Defendant moved to appoint counsel for purposes of litigating a potential motion for compassionate release pursuant to 18 U.S.C.§ 3582(c)(1)(A)(i). This Court granted Defendant's request, and he filed the present motion through counsel on January 10, 2023. The Court has since been informed that Defendant will be placed in a halfway house on July 18, 2023. (ECF No. 125.)

II.   **Legal Standard**

Eighteen U.S.C. § 3582(c)(1)(A)(i) allows district courts to reduce the sentences of incarcerated persons if "extraordinary and compelling reasons warrant such a reduction." To be eligible for a sentence reduction under this section, three requirements must be satisfied. First, the court must "find[ ]" that "extraordinary and compelling reasons warrant" a sentence reduction. *Jones*, 980 F.3d at 1107–08 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must "find[ ]" that "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1108 (citing 18 U.S.C. § 3582(c)(1)(A)). Third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

2

*Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

An inmate may bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the BOP. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Defendant exhausted his administrative remedies. Through counsel, he requested compassionate release from the coordinator at FMC Lexington on April 24, 2022 and his request was denied on May 25, 2022. (ECF Nos. 120-4, 120-5.) The Court therefore finds this threshold requirement to relief has been satisfied.

#### B. Extraordinary and Compelling Reasons

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021).

Defendant argues in his motion that his medical conditions combined with the struggles he is experiencing obtaining treatment while in custody make him eligible for immediate release. (ECF No. 120, PageID.698-707.) Most notably, Defendant was

diagnosed with the rare and serious Dercum's disease, a painful condition characterized by the growths of multiple, painful lipomas. (ECF No. 120, PageID.699.) While in custody, Defendant has seen the general prison doctor, an outside dermatologist, and a surgeon, among others, regarding his condition. (ECF No. 120, PageID.701-703; ECF No. 123-1, PageID.1089.) The consensus among these medical professionals is that the only treatment for Defendant's Dercum's disease is liposuction of the lipomas, which must be done by a plastic surgeon. Defendant's medical notes reflect a "target date" for a plastic surgery "consultation/procedure" on November 24, 2022, yet at the time of Defendant's motion, and presumably to-date, Defendant has not been taken to see a plastic surgeon. According to the Government and a medical officer at FMC Lexington, "a plastic surgery consult has been approved and is pending scheduling." (ECF No. 123-1.)

Given the steps the BOP has taken to obtain treatment for Defendant, Defendant's pending appointment with a plastic surgeon, and his upcoming release to a halfway-house, the Court does not find Defendant's circumstances amount to "extraordinary and compelling" reasons for compassionate release at this time. This conclusion is not changed by the fact that Defendant's doctors have advised him not to receive the COVID-19 vaccine. (*See* ECF No. 120, PageID.713.) The vaccine was available to Defendant before he began serving his sentence and before his Dercum's disease diagnosis. The record also reflects that Defendant has been diagnosed with COVID-19 in the past, thus he should benefit to some extent from natural immunity.

### C. Section 3553(a) Factors

Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, an analysis of the § 3553(a) factors is not necessary. *See*

*Elias*, 984 F.3d 516 at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.") Nevertheless, the Court notes that Defendant's 40-month sentence remains appropriate today for the reasons given at Defendant's October 2021 sentencing hearing.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Modify Sentence is **DENIED**.

**SO ORDERED**.

                                          s/ Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Court Judge

Dated: April 11, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2023, by electronic and/or ordinary mail.

                                          s/Lisa Bartlett
                                          Case Manager